IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LEVI CHEFF and MICHELE CHEFF, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN STATES PREFERRED INSURANCE COMPANY; GENERAL INSURANCE COMPANY OF AMERICA; and JOHN DOES A–D, <br><br> Defendants. | CV 22-18-M-KLD <br><br><br> ORDER |

The issues before the Court are (1) the parties' discovery dispute regarding the scope of production required under Federal Rule of Civil Procedure 35(b)'s mandate that "[t]he party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, together with like reports of all earlier examinations of the same condition," (Doc. 26); and (2) Plaintiffs' Rule 45(d)(2)(B)(i) Motion to Compel Subpoena Compliance by Dr. Craig McFarland, (Doc. 28).

1

I.      **Background**

Plaintiffs Levi Cheff and his wife, Michele, seek underinsured motorist benefits from insurance policies issued by defendants American States Preferred Insurance Company and General Insurance Company of America (collectively, "Defendants") for personal injuries Levi allegedly sustained in a motor vehicle accident on January 29, 2019. (Doc. 1, ¶¶ 14–16). Levi claims the accident resulted in vision convergence insufficiency, dizziness, other vestibular issues, and bilateral shoulder problems requiring surgeries. (Doc. 1, ¶ 22).

On September 25, 2020, counsel for Defendants emailed Plaintiffs' counsel requesting Levi attend a neuropsychological evaluation pursuant to a condition of his insurance policies, which states that Defendants have "no duty to provide coverage under the policy unless" the involved insureds "submit to examination, at [Defendants'] expense, by physicians of [Defendants'] choice, as often as [Defendants] reasonably require." (*See* Docs. 35-1; 1-1, at 97). On October 26, 2020, Dr. Craig McFarland, a neuropsychologist in Missoula, evaluated Levi, issuing a report on November 17, 2020, and an addendum report on November 30, 2020. Defendants provided both reports to Plaintiffs' counsel via email on December 1, 2020. (Doc. 35, at 8).

Plaintiffs filed this lawsuit on January 20, 2022. (Doc. 1). In June 2022, the parties stipulated to two additional examinations under the insurance policies and Rule 35 at Defendants' request: first, Levi agreed to submit to an ophthalmologist examination conducted by Dr. Randy Kardon, M.D., Ph.D.; and second, Levi agreed to submit to a neurological examination conducted by Dr. Mark Bromberg, M.D. (*See* Docs. 20 and 22).

In December 2022, the parties requested a status conference to discuss a discovery dispute regarding the scope of production required under Rule 35(b)'s mandate that "[t]he party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report, **together with like reports of all earlier examinations of the same condition**." (Doc. 24) (emphasis added by the parties). Relying on a Colorado district court decision, *Bryant v. Dillon Real Est. Co., Inc.*, No. CV-18-479-PAB-MEH, 2019 WL 3935174, at *4 (D. Colo. Aug. 20, 2019), Plaintiffs contend that "all Rule 35 examiners hired by the Defendants must produce 'like' reports of any examinations of any person, including non-parties, performed on a similar condition, with all personal identifying information redacted to protect patient privacy, as was the holding in the *Bryant* case." (Doc. 24, at 2). Defendants counter that "Rule 35 examiners are not required to produce 'like' reports for non-parties that were not conducted pursuant to Rule 35," and

3

"Rule 35 does not require the production of doctor-patient privileged medical records for individuals who are not a party to a lawsuit and who are not under the custody or legal control of a party to the lawsuit." (Doc. 24, at 2–3). After discussion with the parties, the Court ordered briefing on the issue. (Doc. 26).

On December 22, 2022, Plaintiffs submitted their Opening Brief, simultaneously subpoenaed Dr. McFarland, and filed a motion to compel subpoena compliance under Rule 45(d)(2)(B)(i). (Doc. 28). Plaintiffs' subpoena seeks the following "like reports" under their interpretation of Rule 35(b):

1. The last 20 "like reports" that the firm Bohyer, Erickson, Beaudette & Tranel, P.C. has received from Craig McFarland, Ph.D., with "like reports" to be neuropsychological reports of examinations of individuals with claims of traumatic brain injury, with all personal information of the examined parties to be redacted;

2. The last 20 reports of neuropsychological reports of examinations performed by Dr. McFarland for any defendant entity excluding the firm of Bohyer, Erickson, Beaudette & Tranel, P.C., with all personal information of the examined persons to be redacted; and

3. The last 20 neuropsychological reports of examinations of individuals with claims of traumatic brain injury, furnished to anyone, exclusive of any reports furnished in categories 1 and 2 above, with all personal information of the examined party redacted.

(Doc. 27-1). Defendants objected to the subpoena, arguing that: first, because Dr. McFarland conducted his examination under the terms of an insurance policy, Rule 35 does not apply to him; and second, even if Rule 35 applies, it should not be

4

interpreted to require the production of health information of non-parties, without their knowledge or consent. (Doc. 35, at 7).

Plaintiffs seek similar "like reports" from doctors Kardon and Bromberg under Rule 35(b), and Defendants maintain that such broad disclosure should be denied. (Docs. 27, at 7–9; 28).

The Court will address each issue in turn.

## II. Discussion

Rule 35 governs the procedure for a court to order a party whose mental or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. Fed. R. Civ. P. 35(a)(1). Rule 35(a)(2)(A) and (B) provide the order "may be made only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Rule 35(b) requires the party who moved for the examination to, on request, provide the requester "a copy of the examiner's report, together with like reports of all earlier examinations of the same condition," and specifies that "subdivision (b) applies also to an examination made by the parties' agreement, unless the agreement states otherwise." Fed. R. Civ. P. 35(b)(1) and (6). Rule 35(b)(4) adds that, "by requesting and obtaining the examiner's

report, or by deposing the examiner, the party examined waives any privilege it may have—in that action or any other action involving the same controversy—concerning testimony about all examinations of the same condition."

### A. Motion to Compel Subpoena Compliance by Dr. McFarland

As an initial matter, the Court finds that Rule 35 does not apply to the October 26, 2020 neuropsychological examination performed by Dr. McFarland. By its own terms, Rule 35 authorizes a court order, upon motion, requiring a party to submit to a physical or mental examination. Fed. R. Civ. P. 35(a)(1). Dr. McFarland's pre-litigation examination of Levi was not ordered by the Court, but was a function of a provision of his insurance policy. (Doc. 35-1). Because Defendants did not rely on Rule 35 to require Levi to undergo examination by Dr. McFarland, the provisions of Rule 35 do not apply and cannot form the basis for Plaintiffs' request for "like reports" made by Dr. McFarland. *See Good v. Skifstad*, No. CV-18-80-BU-BMM, 2019 WL 2453111, at *4 (D. Mont. June 12, 2019).

Plaintiffs cite *Chastain v. Evennou*, 35 F.R.D. 350 (D. Utah 1964), and *Cooper v. Meridian Yachts, Ltd.*, 2007 WL 9701689 (S.D. Fla. Nov. 8, 2007), in support of their contention that Dr. McFarland's examination, conducted pursuant to the insurance contract, should fall under the auspices of Rule 35(b)(6), which states that the rule applies to examinations made by agreement, unless the

agreement states otherwise. Those cases, however, are distinguishable because they do not involve pre-litigation contractual obligations, but simply informal agreements between the parties to conduct independent medical examinations. The *Chastain* court noted the custom of agreeing to independent medical examinations without a Court order, and commended the cooperation of counsel in doing so. 35 F.R.D at 351, 353. Like the *Chastain* court, this Court also acknowledges the often-observed custom of voluntarily agreeing to independent medical examinations, and further observes that had Levi's examination by Dr. McFarland resulted from a simple agreement between the parties, Plaintiffs' argument that the exam falls under Rule 35 would be well-taken. However, the examination was a contractual obligation, not a voluntary agreement, and Rule 35 does not apply.

Accordingly, Dr. McFarland cannot be compelled to produce "like reports of all earlier examinations of the same condition" as required by the rule and Plaintiffs' motion to compel subpoena compliance (Doc. 28) is denied.

**B. Scope of Production under Rule 35(b)**

Regarding the scope of production required under Rule 35(b) by Dr. Kardon and Dr. Bromberg, Plaintiffs contend *Bryant* has provided "a definitive decision" on this issue. (Doc. 27). However, far from being decisive, the Court finds the *Bryant* decision is both distinguishable and an anomaly; at best, federal courts are

split regarding whether the disclosure of "like reports" is limited solely to examinations of the plaintiff or extends to reports by the examiner from examinations of other patients with the same condition. *See* Physical and Mental Examinations (Federal), Practical Law Practice Note w-027-4951, Westlaw (2023).

In *Bryant*, the court determined that disclosure under Rule 35(b)(1) extends to an examiner's "like reports" from examinations of other patients suffering the same condition(s) as the plaintiff. 2019 WL at *4. But the context of the plaintiffs' argument in *Bryant* was crucial to the court's decision, and that same context is not at issue here.

The plaintiffs in *Bryant* opposed the defendants' motion for a Rule 35 examination because, they claimed, the defendants' chosen doctor had "a reputation as a biased physician that routinely provides retained medical examination reports to help Defendants and insurers attempt to reduce the value of claims asserted against them." 2019 WL at *1. Thus, the issue before the court was whether the plaintiffs had demonstrated good cause for the conditions they sought to place on the examination in light of the doctor's reputation for bias. *Bryant*, 2019 WL at *1–2. Specifically, the plaintiffs sought "production of all reports, notes, drafts, and other materials from [the doctor's] file in conjunction with his Fed. R. Civ. P. 35 examination of [the plaintiff]," and "copies of previous reports

of his examinations of the same condition [as the plaintiff] in other individuals." *Bryant*, 2019 WL at *4. The court engaged in a plain language analysis of Rule 35 and the advisory committee's notes from the 1970 amendment and concluded that, while the plaintiffs were only entitled to the doctor's final reports, not drafts or notes, "an examined party is entitled to production by the examiner of 'all' reports, to which the examiner has access, regarding examinations of the same condition(s) suffered by the examined party." *Bryant*, 2019 WL at *2, 4. To address the defendants' concerns with disclosing confidential third-party medical information, the court ordered patients' names and other identifying information be redacted from the reports. *Bryant*, 2019 WL at *5.

On the other end of the spectrum, in *Howard v. Wal-Mart Stores E., LP*, the court rejected the plaintiff's similar argument that additional conditions should be included in its Rule 35 order. No. 1:13-CV-2374-CAP, 2014 WL 11955394, at *1 (N.D. Ga. Feb. 10, 2014). Relevant here, the plaintiffs in *Howard* proposed a condition that required the defendant to provide to the plaintiff's counsel:

> Any and all reports, including a copy of [the examining doctor's] report and findings of the Plaintiff, memorandum, notes, photographs, and all other materials prepared by [the examining doctor] must be delivered to the Plaintiff's counsel, "together with like reports of all earlier examinations of the same condition" from all persons [the examining doctor] has examined for Complex Regional Pain Syndrome within five (5) days of [the examining doctor] issuing any said report(s). *See* Fed. R. Civ. Proc. 35(b)(1).

Plaintiff's Response to Defendant's Motion for Medical Examination (Doc. 43, at 6), 2014 WL 11955394 (N.D. Ga. Feb. 10, 2014). Characterizing the plaintiff's interpretation of Rule 35 as "incorrect," the court held this provision "require[ed] the defendant to deliver to the plaintiff only like reports of all earlier examinations *of the plaintiff* regarding the same condition to which the defendant may have access." *Howard*, 2014 WL at *1 (emphasis added).

Here, the Court finds that *Bryant* is distinguishable, as the Rule 35 objections in that case were premised on allegations of a biased examiner while Plaintiffs here have made no such allegations, and in fact stipulated to Defendants' doctors conducting examinations of Levi. Additionally, as Defendants point out, Plaintiffs' interpretation of Rule 35(b) presents a multitude of individual privacy concerns, as well as inevitable conflicts with doctors' professional obligations to protect their patients' confidential healthcare information. Putting aside those significant concerns, the Court's own plain language analysis, including a complete reading of Rule 35 and the advisory committee's notes to the 1970 amendment, places subsection (b) in a vastly different light than Plaintiffs and the *Bryant* court contend.

First, the Court agrees with Defendants that subsection (a)(1) limits Rule 35's application to "a party whose mental or physical condition . . . is in

controversy." Unrelated non-parties plainly do not fall within the scope of this rule because they have not placed their condition at controversy in this litigation.

Next, the *Bryant* decision relies on a selective reading of the 1970 advisory committee notes to subsection (b)(1), which state, "[the amendment] embodies changes required by the broadening of Rule 35(a) to take in persons who are not parties." Plaintiffs argue this sentence supports their position that reports of persons who are not parties should be disclosed under the rule. The Court disagrees. The advisory committee notes to subsection (a) explain that the committee intended "to extend the rule to provide for an order against the party for examination of a person in his custody or under his legal control." Thus, subsection (a) defines "persons who are not parties" as those persons in the custody or under the legal control of a party; for example, "a parent or guardian suing to recover for injuries to a minor." There is nothing in the advisory committee notes to imply the rule should be extended to unrelated non-parties who have previously been treated by the same physician for the same condition.

The rules governing discovery, while "intended to foster broad and comprehensive discovery disclosures," *McDonald v. Townsquare Media, LLC*, No. CV 12-203-M-DLC, 2014 WL 51672, at *6 (D. Mont. Jan. 7, 2014), "should not be expanded by disregarding plainly expressed limitations," *Schlagenhauf v.*

11

*Holder*, 379 U.S. 104, 121 (1964). Additionally, because Rule 35 is "in derogation of the statutory privilege" it should be strictly construed. *Sher v. De Haven*, 199 F.2d 777, 781 (D.C. Cir. 1952).

In conclusion, a reasonable interpretation of the plain language of Rule 35(b) in context with the rule's other provisions and the advisory committee notes does not justify plaintiffs receiving examination reports of other individuals, completely unrelated to the pending litigation, examined by defendants' chosen physicians.

### III. <u>Conclusion</u>

For reasons discussed above, the Court concludes that Rule 35(b)(1) does not require Defendants or their medical examiners to deliver like reports for all earlier examinations of the same condition from all persons examined; rather, a plain reading of Rule 35 only requires production of like reports of all earlier examinations *of the Plaintiff* regarding the same condition to which Defendants and their Rule 35 examiners—Dr. Kardon and Dr. Bromberg—may have access.

IT IS ORDERED that Plaintiffs' Rule 45(d)(2)(B)(i) Motion to Compel Subpoena Compliance by Dr. Craig McFarland (Doc. 28) is DENIED.

DATED this 2nd day of March, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge